UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **Carolyn Nosko,** | ) | **CASE NO. 1:05 CV 688** |
| | ) | |
| Plaintiff, | ) | **JUDGE PATRICIA A. GAUGHAN** |
| | ) | |
| vs. | ) | |
| | ) | |
| **Aetna Life Insurance Co.,** | ) | **Memorandum of Opinion and Order** |
| | ) | |
| Defendant. | ) | |

**INTRODUCTION**

This case is before the Court on the parties' briefs on the merits (Docs. 16, 17), which the Court treats as cross-motions for judgment on the administrative record. This case arises from defendant's denial of plaintiff's application for long-term disability insurance. For the reasons that follow plaintiff's motion is DENIED and defendant's motion is GRANTED.

**FACTS**

Plaintiff, Carolyn Nosko, filed this action against defendant, Aetna Life Insurance Company, alleging wrongful denial of long-term disability benefits.

On April 23, 2001, plaintiff commenced employment with Cleveland Clinic Health

1

System Euclid Hospital ("Cleveland Clinic") as a nursing assistant. As such, she is a beneficiary of a group accident and health insurance policy ("Policy") issued by defendant to the Cleveland Clinic.

On October 8, 2003, plaintiff suffered a back related injury. She filed a claim for worker's compensation, which was denied. Thereafter, plaintiff submitted a claim to the Cleveland Clinic for short-term disability benefits. The maximum period of short-term disability permitted under the plan extended until April 14, 2004. Plaintiff, however, was approved for short-term disability only from October 9, 2003, through January 16, 2004.

It appears that at some point she attempted to return to work. According to plaintiff, the Cleveland Clinic would not permit her to return to work, on the grounds that she could not perform the material duties of her job. Thereafter, plaintiff filed a claim for long-term disability insurance, seeking coverage from April 15, 2004.[1]

On July 23, 2004, defendant denied plaintiff's claim for coverage. Plaintiff appealed defendant's decision and, on January 3, 2005, defendant again denied plaintiff's claim. Thereafter, plaintiff filed this lawsuit asserting one claim for relief. Count one alleges that defendant abused its discretion by denying plaintiff long-term disability coverage.[2]

---

[1] There appears to be some discrepancy as to the precise date on which plaintiff's long-term disability coverage would have commenced. For purposes of this opinion, however, the precise date is not relevant.

[2] Count one is captioned as a claim for "interference with FMLA rights." As defendant notes in its brief, plaintiff brought a separate lawsuit against the Cleveland Clinic alleging that she was terminated in violation of the FMLA. The Court presumes that the caption contained in count one of the complaint filed in this case is a typographical error.

This matter is before the Court upon the administrative record filed by defendant.  Both parties seek judgment in their favor.

**STANDARD OF REVIEW**

In a case challenging the denial of benefits under ERISA § 502(a)(1)(B), 29 U.S.C. § 1132(a)(1)(B), this Court must base its findings of fact and conclusions of law solely on the administrative record. *Wilkins v. Baptist Healthcare System, Inc.*, 150 F.3d 609, 619 (6th Cir. 1998) (Gilman, J. concurring).  *See also University Hosp. of Cleveland v. Emerson Electric Co.*, 202 F.3d 839, 845 n.2 (6th Cir. 2000).  This Court "may not admit or consider any evidence not presented to the administrator" unless "that evidence is offered in support of a procedural challenge to the administrator's decision, such as an alleged lack of due process afforded by the administrator or alleged bias on its part." *Id*.  Plaintiff does not raise a procedural challenge in this case.

The Supreme Court has held that a denial of benefits must be reviewed "under a *de novo* standard unless the benefit plan gives the administrator or fiduciary discretionary authority to determine eligibility for benefits or to construe the terms of the plan." *Firestone Tire & Rubber v. Bruch*, 489 U.S. 101, 115 (1989).  "[W]here an ERISA plan expressly affords discretion to trustees to make benefit determinations, a court reviewing the plan administrator's actions should apply the arbitrary and capricious standard of review." *Williams v. Int'l Paper Co.*, 227 F.3d 706, 711 (6th Cir. 2000) (citing *Firestone*, 489 U.S. 101).

It is undisputed that the policy contains a discretionary grant of authority to defendant to decide benefit claims and construe the terms of the policy.  Thus, the arbitrary and capricious standard of review applies to this case.

As the Sixth Circuit has stated,

> [T]he arbitrary and capricious standard is the least demanding form of judicial review of an administrative action.  When applying the arbitrary and capricious standard, the Court must decide whether the plan administrator's decision was "rational in light of the plan's provisions."  Stated differently, "when it is possible to offer a reasoned explanation, based on the evidence, for a particular outcome, that outcome is not arbitrary or capricious."

*Id*. at 712. (citations omitted).  The explanation offered by defendant for the denial of benefits is that plaintiff did not suffer from a total disability because she could perform the essential functions of the occupation "nursing assistant."  Therefore, based upon the administrative record, this Court must determine whether defendant's decision is rational in light of the policy's definition of "total disability."

## **DISCUSSION**

Pursuant to the terms of the Policy, plaintiff must be "totally disabled" in order to qualify for coverage.  "Total Disability" is defined as follows,

You are deemed to be totally disabled while either of the following applies to you:

- During the period which ends right after the first 24 months benefits are payable in a period of total disability:

    You are not able, solely because of injury or disease, to perform the material duties of your own occupation....

- Thereafter during such period of total disability:

    You are not able, solely because of injury or disease, to work any reasonable occupation.

At the time plaintiff applied for long-term disability insurance, she was employed as a nursing assistant.  She indicated on her application for benefits that she could not work due to

medical restrictions placed on her by her physician.  Specifically, plaintiff stated that she could not lift over 50 pounds and could not sit or stand for long periods of time.

Defendant rejected plaintiff's claim for disability benefits on the grounds that she is not suffering from a disability that prevents her from performing the material duties of her own occupation.  Specifically, defendant concluded that the occupation of "nursing assistant" is considered to be one requiring "medium physical demand."  In turn, defendant relied on "the Dictionary of Occupational Titles," which defines "medium work" as exerting 20 to 50 pounds of force on occasion.  Given that plaintiff's medical restrictions did not prevent her from performing "medium physical demand" work, defendant denied plaintiff's request for benefits.

Plaintiff argues that defendant interpreted the phrase "material duties of your occupation" in an arbitrary and capricious manner.  Specifically, plaintiff claims that defendant should have looked to the job duties of plaintiff's position with the Cleveland Clinic in order to determine whether she meets the definition of "totally disabled."  Because the Cleveland Clinic terminated plaintiff as a result of her inability to perform her specific job, defendant should have concluded that plaintiff is totally disabled.  Instead, defendant interpreted the phrase "material duties of your occupation" to mean the duties undertaken by a nursing assistant in the general population.  Because plaintiff could perform the material duties of the average nursing assistant, defendant concluded that plaintiff did not qualify for long-term disability.

Upon review of the parties' arguments and the relevant law, the Court finds that defendant's interpretation of the phrase "material duties of your own occupation" was neither arbitrary nor capricious.  In ascertaining the nature of the duties required of a "nursing assistant" in the general workplace, defendant relied on the Department of Labor's Dictionary of

Occupational Titles in order to determine that plaintiff's occupation of "nursing assistant" requires only medium physical demand work. Defendant did not look to the specific duties required of a nursing assistant at plaintiff's place of employment. The term "own occupation," however, is not expressly defined in the Policy. In light of the fact that the Policy gives defendant the authority to interpret the terms contained therein, this Court cannot overrule defendant's interpretation unless plaintiff can demonstrate that the interpretation is either arbitrary or capricious. The Court finds that defendant's interpretation of the phrase is rational "in light of the plain meaning of the words of the policy." *See*, *Schmidlkofer v. Directory Distrib., Assocs., Inc.*, unreported, 107 Fed. Appx. 631 (6th Cir. Aug. 24, 2004)(reversing district court's conclusion that plan administrator abused its discretion by interpreting "regular occupation" to mean general occupation as opposed to particular position with particular employer).

Plaintiff further argues that defendant abused its discretion by failing to provide evidence supporting its interpretation of the term at issue. Specifically, plaintiff claims that defendant offered only a conclusory statement indicating that nursing assistant is a medium physical demand occupation. This Court finds plaintiff's position to be without merit. The denial letter prepared by defendant expressly indicates that the plan administrator is relying on the Dictionary of Occupational Titles in concluding that plaintiff's occupation requires "medium work." The letter further states that defendant is relying on the evaluation of Dr. Shen who prepared a report concluding that plaintiff could return to work with a restriction of "50 pounds for the lifting and no repetitive bending more than four hours per day." Dr. Shen is one of plaintiff's physicians. Because plaintiff could perform the requirements of "medium level" work even considering Dr.

6

Shen's restriction, defendant denied plaintiff's claim for benefits.  In light of these statements, the Court finds that defendant provided sufficient reasoning to support its determination.

Plaintiff also argues in passing that defendant abused its discretion by concluding that plaintiff was capable of performing medium level work.  In support of her argument, plaintiff cites to a medical evaluation prepared by Dr. Karimpil.  The evaluation provides that plaintiff is capable of working a full work week, but is restricted to "light work" duty.  Specifically, Dr. Karimpil opines that plaintiff cannot lift more than 20 pounds of force occasionally and 10 pounds of force frequently.  As defendant points out, however, Dr. Karimpil's evaluation was prepared after plaintiff filed her disability claim.  Further, contrary to Dr. Karimpil's conclusion, Dr. Shen determined that plaintiff was capable of performing medium level work and was capable of lifting up to 50 pounds.  Plaintiff herself also indicated on the claim form she submitted to defendant that the "condition" that prevents her from working is the 50 pound lifting restriction.[3]  In addition, after plaintiff appealed defendant's denial of her claim, a physician consultant evaluated plaintiff's medical information at defendant's request.  The physician consultant concluded that there was nothing in the medical evidence indicating that plaintiff's medical condition had worsened after Dr. Shen's evaluation.  As such, the physician consultant determined that plaintiff was capable of performing medium level work.

Based on all of the evidence presented, defendant concluded that plaintiff was capable of performing medium level work and, as such, denied plaintiff's claim for long-term disability.  In reaching this conclusion, defendant expressly indicated that it was relying on Dr. Shen's

---

[3]  Plaintiff also indicates that she cannot stand or sit for long periods of time.

evaluation, as well as that of the physician consultant.  This Court simply cannot say that reliance on this evidence, as opposed to the evaluation prepared by Dr. Karimpil, is either arbitrary or capricious.  To the contrary, substantial evidence in the record supports defendant's conclusion that plaintiff is capable of performing medium level work.  As such, to the extent plaintiff is arguing that defendant erred in this regard, the argument is rejected.

**CONCLUSION**

For the foregoing reasons, the Court GRANTS judgment on the record in favor of defendant and against plaintiff.

IT IS SO ORDERED.


 /s/ Patricia A. Gaughan
PATRICIA A. GAUGHAN
United States District Judge


Dated: 10/17/05